**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4222**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

LAMAR RYAN MURPHY,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:10-cr-00231-FDW-1)

Submitted:  November 22, 2013      Decided:  December 18, 2013

Before MOTZ, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

D. Baker McIntyre III, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamar Ryan Murphy appeals his conviction and the 120-month sentence imposed by the district court following his guilty plea to possessing firearms as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court appropriately sentenced Murphy. Murphy was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. For the reasons that follow, we affirm.

We review criminal sentences for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We first review the sentence for significant procedural error, including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) factors, and inadequate explanation of the sentence imposed. See United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010).

If we find no such procedural error, we examine the substantive reasonableness of a sentence in light of the "the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than

necessary," to satisfy the purposes of sentencing. <u>See</u> 18 U.S.C. § 3553(a). A within-Guidelines sentence is presumed reasonable on appeal, and the defendant bears the burden of "rebut[ting] the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We have thoroughly reviewed the record and conclude that Murphy's sentence is reasonable. We recognize that the government's objections to the presentence report ("PSR") were untimely, and that it did not explain the delay. Nonetheless, we find no abuse of discretion in the district court's decision to adopt the revised PSR, which incorporated the government's recommended changes. <u>See</u> <u>United States v. Archuleta</u>, 128 F.3d 1446, 1452 n.12 (4th Cir. 1997) (recognizing that an explicit finding of good cause for delay is not always required).

Murphy's counsel agreed to permit the government to file untimely objections, notwithstanding Murphy's subsequent pro se objection. Murphy was given ample time to research and respond to the objections, and he did not object to the resulting enhancements at sentencing. <u>See</u> Fed. R. Crim. P. 32(b)(2); <u>see also</u> <u>United States v. Young</u>, 140 F.3d 453, 457 (2d Cir. 1998) (recognizing that, although sentencing court has discretion to deem late objections forfeited, it "may impose

sentencing enhancements belatedly suggested by the Government and not contained in the PSR, provided the defendant is afforded an adequate opportunity to respond to the Government's late submission and any revision of the PSR" (internal citation omitted)).

The district court properly calculated the Guidelines range and imposed a sentence within that range. It considered the parties' arguments and provided a detailed explanation of its sentence, thoroughly grounded in the § 3553(a) factors. In addition, Murphy never rebutted the presumption of reasonableness accorded to his within-Guidelines sentence. See Montes-Pineda, 445 F.3d at 379. We therefore find no abuse of discretion.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Murphy's conviction and sentence. This court requires that counsel inform Murphy, in writing, of the right to petition the Supreme Court of the United States for further review. If Murphy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Murphy.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED